Victor Daniel Soltero   CDCR# K36340

HIGH DESERT STATE PRISON   D5-210

P.O. Box 3030

Susanville, CA 96127

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

VICTOR DANIEL SOLTERO,
    Plaintiff,

    vs.

JOE McGRATH et al.,
    Defendant(s).

Case No.: C07 4256 PJH (PR)

NOTICE TO COURT AND SUPPORTING PAPERS [Per Civil L.R. 7-2], Re: COURT ORDER DATED MARCH 10, 2008, AND THE POSSIBLE CLERICAL ERROR, WHERE THE ORDERED AMENDED COMPLAINT WAS FILED UNDER AN NEW CASE No.: CV08 1763, AND PLAINTIFF RECIEVED SUBSEQUENT NOTICE TO FILE APPLICATION In Pauperis Forma Pauperis WHERE IT HAS PREVIOUSLY BEEN GRANTED.

FILED
APR 28 2008
RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

E-filing

Please take notice, on date to be prescribed by the Clerk _____, the Plaintiff a pro se litigant, granted leave to proceed in forma pauperis, recieved an notification (file date APR 2, 2008.), by the Clerk of this court. The notice by the Clerk, notified the Plaintiff that the AMENDED COMPLAINT under 42 USC 1983 has been filed under a new case No.: CV08 1763, and for the Plaintiff to apply for grant to proceed in forma pauperis. [NOTE: The Plaintiff has timely complied with the March 10, 2008, court order, and the AMENDED COMPLAINT DID include the caption and civil case number

-1-

used in said-order. (see inclosed copy of court order dated March 10, 2008, inclosed pg 4, L 12-14)].

Relief:

(1) The Court take notice of the Plaintiff's timely filing of the AMENDED COMPLAINT as ordered by the Court on March 10, 2008;

(2) Court take notice the Plaintiff has forward the in forma pauperis application (inclosed), just in case;

(3) To be notified if the AMENDED Complaint is under the new case No.: C08 1763 PJH(PR), or continued under Case No.: C07 4256 PJH(PR);

(4) The court take notice that the March 10, 2008 court ordered AMENDED COMPLAINT has been filed under Soitoro v. McGrath et al., No.: CV 081763 at said-court;

(5) The court move to consolidate the complaint / AMENDED COMPLAINT if necessary;

(6) The Court move to consolidate the in forma Pauperi's application(s), since it has previously been granted; and

1  (7) To notify the Plaintiff if an additional
2  $350.00, 42 USC 1983 filing fee will be due.
3
4     Proposed Order:
5  (1) The court have the Clerk(s) of the court
6  remedy the issues noted (1)-(7) @ "relief"
7  of this notice, which ever the court deem
8  necessary.
9
10    I declare under penalty of perjury that
11 the foregoing is true and correct, to the best
12 of my knowledge. VTP

                                        4-20-2008
                          Sincerely,

                          [signature]

Victor Daniel Soltero K-36340
High Desert State Prison
D5-210
P.O. Box 3030
Soledad, CA 96127

CV07-04256 PJH

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA



VICTOR DANIEL SOLTERO,

    Plaintiff,

v.

JOW McGRATH, Director, Department of Corrections; M. S. EVANS, Warden, Salinas Valley State Prison; G. PONDERS, Facility Captain; and Correctional Officer J. RUELAS,

    Defendants.

No. C 07-4256 PJH (PR)

**ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND**

    Plaintiff, an inmate at Salinas Valley State Prison, has filed a pro se civil rights complaint under 42 U.S.C. § 1983. He has been granted leave to proceed in forma pauperis.

## DISCUSSION

### A.   Standard of Review

    Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). In its review the court must identify any cognizable claims, and dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. Id. at 1915A(b)(1),(2). Pro se pleadings must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

    Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." "Specific facts are not necessary;

the statement need only "'give the defendant fair notice of what the . . . . claim is and the grounds upon which it rests.'" *Erickson v. Pardus*, 127 S. Ct. 2197, 2200 (2007) (citations omitted). Although in order to state a claim a complaint "does not need detailed factual allegations, . . . a plaintiff's obligation to provide the 'grounds of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . . Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1964-65 (2007) (citations omitted). A complaint must proffer "enough facts to state a claim for relief that is plausible on its face." *Id.* at 1986-87.

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged deprivation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

**B.    Legal Claims**

Plaintiff alleges that defendant Ruelas "sucker punched" him in the head while he was seated and in restraints, and that as a result of the misconduct being reported, and as a result of plaintiff's grievances, he has been retaliated against. His complaint, however, is largely phrased in terms of retaliation by "officials," without specifying whether these were the named defendants and if so, which ones, and contains much irrelevant matter regarding state law and regulations. For instance, he contends that his present placement in administrative segregation is "an abuse of policy and procedure" – which does not appear to be a basis for a federal constitutional claim. He also provides a number of allegations regarding rule violations reports and disciplinary proceedings which are unclear. Plaintiff also attempts to incorporate allegations, and even possible defendants, by reference to other documents. For these reasons the complaint will be dismissed with leave to amend.

In amending, plaintiff should bear in mind that he is suing individuals, and that he must allege facts *as to each of those individuals* which suffice to make it "plausible" that the

2

individual violated his constructional rights. *See Bell Atlantic Corp.*, 127 S. Ct. at 1986-87 ("plausible" standard). The present "statement of claim" does not even mention any defendant other than Ruelas. He cannot state a claim against an individual defendant by making general allegations about "officials" or the "administration," or by allegations that something happened which violated his rights without an allegation of who among the defendants made it happen.

Furthermore, in the amendment plaintiff may not incorporate other documents by reference; all the allegations which he wishes to present must be succinctly contained in the complaint itself. The court will not search masses of documents in the hopes of discovering a viable claim, or identifying defendants. Finally, plaintiff should bear in mind that merely writing a false disciplinary report is not a constitutional violation, *see Sprouse v. Babcock*, 870 F.2d 450, 452 (8th Cir. 1989), and that violations of *state* law or regulations are not per se violations of the *federal* Constitution.

C. **Motion for Appointment of Counsel**

There is no constitutional right to counsel in a civil case, *Lassiter v. Dep't of Social Services*, 452 U.S. 18, 25 (1981), and although district courts may "request" that counsel represent a litigant who is proceeding in forma pauperis, as plaintiff is here, *see* 28 U.S.C. § 1915(e)(1), that does not give the courts the power to make "coercive appointments of counsel." *Mallard v. United States Dist. Court*, 490 U.S. 296, 310 (1989).

It is difficult to evaluate plaintiff's chances of success on the merits at this stage of the case, when he has not yet even provided a complaint which can be served. He does appear able to present his claims, however, if he will note the court's explanation of the deficiencies of his complaint, above, and focus his allegations on who did what when to violate his rights. The motion for appointment of counsel will be denied.

D. **Motion for Injunctive Relief**

No one has yet been served in this case, so if an injunction were granted it could not be enforced. *In re Estate of Ferdinand Marcos*, 94 F.3d 539, 545 (9th Cir. 1996) (to enforce an injunction against an entity, the district court must have personal jurisdiction

3

1  over that entity; the court should not issue an injunction that it cannot enforce). The motion
2  will be denied.

### CONCLUSION

1. Plaintiff's motion for counsel (document number 5 on the docket) and his motion for an injunction (document 13) are **DENIED**. His motion pursuant to Local Rule 7-10 (document number 14), a rule which provides for ex parte motions only when permitted by rule or statute, is a request for the court to expedite the case. The case will be considered in its proper order; in view of plaintiff's not yet having provided a viable complaint, the motion is **DENIED**. Plaintiff should note that as a pro se party he is not required to file electronically, so the ECF notice he mentions does not apply to him.

2. For the foregoing reasons, the complaint is **DISMISSED** with leave to amend, as indicated above, within thirty days from the date of this order. The amended complaint must include the caption and civil case number used in this order and the words AMENDED COMPLAINT on the first page. Because an amended complaint completely replaces the original complaint, plaintiff must include in it all the claims he wishes to present. See *Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992). He may not incorporate material from the original complaint by reference. Failure to amend within the designated time will result in the dismissal of these claims.

3. It is the plaintiff's responsibility to prosecute this case. Plaintiff must keep the court informed of any change of address by filing a separate paper with the clerk headed "Notice of Change of Address," and must comply with the court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

**IT IS SO ORDERED.**

Dated: March 10, 2008.

PHYLLIS J. HAMILTON
United States District Judge

G:\PRO-SE\PJH\CR.07\SOLTERO4256.DWLTA.wpd

4

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN DISTRICT OF CALIFORNIA

VICTOR DANIEL SOLTERO,

    Plaintiff,

v.

JOE MCGRATH et al,

    Defendants.
    _____/

Case Number: CV07-04256 PJH

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on March 10, 2008, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Victor Daniel Soltero K-36340
High Desert State Prison
D5-210
P.O. Box 3030
Soledad, CA 96127

Dated: March 10, 2008

Richard W. Wieking, Clerk
By: Nichole Heuerman, Deputy Clerk

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

SOLTERO, ) CASE NO: C07 4256 (or CV08 1763)
) PJH (PR)
v. ) PROOF OF SERVICE
)
McGRATH et al. )
)

I, the undersigned, hereby certify that I am over the age of eighteen (18) years, and not a party to the above-entitled action. On April 26, 2008, I served a copy of: In Forma Pauperis Application, and Notice to Court with supporting documents

by placing said copy in a postage paid envelope, fully sealed, addressed to the party(ies) hereinafter listed, by depositing said envelope in the United States Mail:

1. Office of the Clerk US District Court
   Northern District of California
   450 Golden Gate Avenue
   San Francisco, CA 94102
   ATTN: Nichole Heuerman Deputy Clerk

3.                                    4.

I declare under penalty of perjury that the foregoing is true and correct.

_____
Signature

Donald W. Vieth
Typed Name

Victor D. Soltero #K86340
HIGH DESERT STATE PRISON DS-210
P.O. Box 3030
Susanville, CA 96127

STATE PRISON

APR 28 2008

Office of the Clerk U.S. District Court
NORTHERN DISTRICT OF CALIFORNIA
450 Golden Gate Avenue
San Francisco, CA 94102