United States District Court
For the Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| VICTOR DANIEL SOLTERO,<br><br>    Plaintiff,<br><br>  v.<br><br>JOE McGRATH, Director, Department of Corrections; RODERICK Q. HICKMAN; J. CELAYA; M. ATCHLEY; E. GARCIA; R. SALGADO; C. BEVINS; B. CHAVEZ; D. MORENO; L. FLOWERS; P. LOPEZ; R. BRIONES; D. SMETHERS; R. LAPURGA; JONES; V. SOLIS; J. STEVENSON; R. MOTT; M. NILSSON, M. S. EVANS, Warden, Salinas Valley State Prison; G. PONDERS; and J. RUELAS,<br><br>    Defendants.<br>_____/ | No. C 07-4256 PJH (PR)<br><br>**ORDER DENYING MOTION FOR SUMMARY JUDGMENT, STAYING CASE, AND REFERRING CASE FOR SETTLEMENT CONFERENCE** |

This is a civil rights case filed pro se by a state prisoner. The only remaining claim is that defendant Ruelas "sucker punched" plaintiff in the back of the head while he was in full restraints. Ruelas has filed a motion for summary judgment. Plaintiff has opposed the motion, and defendant has replied.

For the reasons set out below, the motion for summary judgment will be denied. The case will be stayed and referred to the prisoner mediation program to explore the possibility of settlement.

**BACKGROUND**

The complaint was dismissed with leave to amend in the initial review order. Plaintiff amended, adding eighteen new defendants and expanding the "Statement of Claim" portion of the complaint from four pages to twenty-one. The court carefully reviewed the amended

complaint, concluding that one claim, that defendant Ruelas "sucker punched" him in the back of the head while he was seated in full restraints, was sufficient to state a claim, and that all the other claims were not. Many claims were dismissed without further leave to amend, and some were dismissed with leave to amend within thirty days. When plaintiff did not amend, the court ordered service of the only remaining claim, that Ruelas "sucker punched" plaintiff.

## DISCUSSION

The only remaining claim in this case is that Ruelas "sucker punched" plaintiff, that is, hit him in the back of the head without warning and while he was restrained. Ruelas contends that he is entitled to summary judgment because (1) the force he used in subduing plaintiff was appropriate in the circumstances;(2) he did not "sucker punch" plaintiff; and (3) he is entitled to qualified immunity. Because the only claim remaining in this case is the one arising from the "sucker punch," the first argument is irrelevant and will not be discussed further.

**I.    Summary Judgment Standard**

Summary judgment is proper where the pleadings, discovery and affidavits show that there is "no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). Material facts are those which may affect the outcome of the case. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A dispute as to a material fact is genuine if there is sufficient evidence for a reasonable jury to return a verdict for the nonmoving party. *Id.*

The moving party for summary judgment bears the initial burden of identifying those portions of the pleadings, discovery and affidavits which demonstrate the absence of a genuine issue of material fact. *Celotex Corp. v. Cattrett*, 477 U.S. 317, 323 (1986); *Nissan Fire & Marine Ins. Co. v. Fritz Cos.*, 210 F.3d 1099, 1102 (9th Cir. 2000). When the moving party has met this burden of production, the nonmoving party must go beyond the pleadings and, by its own affidavits or discovery, set forth specific facts showing that there is a genuine issue for trial. If the nonmoving party fails to produce enough evidence to

show a genuine issue of material fact, the moving party wins. *Id.*

///

## II.     Excessive Force

### A.     Standard

"After incarceration, only the unnecessary and wanton infliction of pain . . . constitutes cruel and unusual punishment forbidden by the Eighth Amendment." *Whitley v. Albers*, 475 U.S. 312, 319 (1986) (ellipsis in original) (internal quotation and citation omitted).  Whenever prison officials stand accused of using excessive force in violation of the Eighth Amendment, the core judicial inquiry is whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm. *Hudson v. McMillian*, 503 U.S. 1, 6-7 (1992); *Whitley*, 475 U.S. at 320-21.  In determining whether the use of force was for the purpose of maintaining or restoring discipline, or for the malicious and sadistic purpose of causing harm, a court may evaluate the need for application of force, the relationship between that need and the amount of force used, the extent of any injury inflicted, the threat reasonably perceived by the responsible officials, and any efforts made to temper the severity of a forceful response. *Hudson*, 503 U.S. at 7.

### B.     Analysis

It is undisputed that (1) on October 2, 2006, a mass cell search was conducted in the building in which plaintiff was housed at Salinas Valley State Prison; (2) plaintiff and several other prisoners who had been removed from their cells were seated in restraints on benches in the day room under the supervision of Ruelas; (3) an alarm was sounded as a result of a disturbance elsewhere; (4) as a consequence of the alarm Ruelas began moving the inmates under his supervision to prone positions on the ground; (5) plaintiff resisted this and had to be wrestled to the ground by Ruelas and another guard.  Plaintiff contends that it was immediately after these events, while he was restrained and subdued, that Ruelas "sucker-punched" him in the back of the head.  Ruelas denies it.

The question, then, is whether there is genuine issue of material fact as to whether Ruelas actually sucker-punched plaintiff after he had been subdued and while he was in full

3

restraints. Ruelas says he did not. Decl. Ruelas ¶ 10. Plaintiff says he did. Decl. Soltero ¶ 1. Unless there is some reason to discount one or the other of the declarations, these declarations clearly are contrary to each other and thus establish that there is in this case a genuine issue of fact.

Ruelas does, in fact, contend that plaintiff's contention that he was "sucker punched" should be discounted: he says it is "conclusory." Reply at 3, 5; *see Rodriguez v. Airborne Express*, 265 F.3d 890, 902 (9th Cir. 2001) ("self-serving affidavits are cognizable to establish a genuine issue of material fact so long as they state facts based on personal knowledge and are not too conclusory."). But plaintiff has alleged that he was in restraints, Decl. Soltero ¶ 1; that the blow was after he had been subdued, *id.*; that he was hit in the back of the head, *id.*; and that he sustained injuries, *id.* at ¶ 5. What more could plaintiff say about an unexpected punch from behind, assuming that the punch occurred, other than what he has? Plaintiff's statements are not conclusory, and thus are sufficient to generate a genuine issue of fact.

As to whether the genuine issue is material, material facts are those which may affect the outcome of the case. *See Liberty Lobby,* 477 U.S. at 248. *Hudson* set out the factors for deciding whether a guard's action was malicious and sadistic and thus an Eighth Amendment violation. *Hudson*, 503 U.S. at 7. Applying those factors here, if the facts are as plaintiff claims: (1) there would have been no need for application of force; (2) there would be no relationship between that need and the amount of force used, because there would have been no need; (3) the swelling and bruising of plaintiff's head arguably would be more than de minimis; (4) there could have been no threat perceived by Ruelas, as plaintiff was in restraints and had been subdued; and (5) no efforts appear to have been made to temper the severity of the action. Thus it is decisve for the outcome of the case whether plaintiff's version of the facts is correct or Ruelas' verision is. The dispute over whether Ruelas actually "sucker punched" plaintiff is material.

Because there is a genuine issue of material fact, Ruelas is not entitled to summary judgment on this contention, that is, there is a genuine issue of material fact whether there

4

was an Eighth Amendment violation.[1]

## II.     Qualified Immunity

Because summary judgment must be denied on Ruelas' contention that he did not violate plaintiff's rights, the court must reach his qualified immunity contention.

The defense of qualified immunity protects "government officials . . . from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982).  A court considering a claim of qualified immunity must determine (1) whether the plaintiff has alleged the deprivation of an actual constitutional right and (2) whether such right was clearly established such that it would be clear to a reasonable officer that his conduct was unlawful in the situation he confronted. *Pearson v. Callahan*, 129 S. Ct. 808, 818 (2009) (overruling requirement in *Saucier v. Katz*, 533 U.S. 194 (2001), that court ruling on qualified immunity claim consider first prong of test before addressing second prong).  The court may exercise its discretion in deciding which prong to address first.  *Id.*

Plaintiff has adequately alleged violation of a constitutional right, and a reasonable person in Ruelas' position would not have believed that it was lawful to hit a restrained prisoner in the head without cause.  The qualified immunity claim is without merit.

## CONCLUSION

1. For the foregoing reasons, the motion for summary judgment (document number 43 on the docket) is **DENIED**.

2. Plaintiff's motion for an extension of time to file an opposition (document 53) is

---

[1] Plaintiff says that his head was bruised and swollen as a result of the blow and that he suffered a headache. Amen. Pet. (verified) at 3-1, 3-9; Decl. Soltero ¶ 8.  That the injuries were relatively minor does not defeat an excessive force claim; it is the excessiveness of the force used, not the amount of injury, that matters.  *See Wilkins v. Gaddy*, 130 S. Ct. 1175, 1178-79 (2010) (inmate who is gratuitously beaten by guards does not lose his ability to pursue an excessive force claim merely because he has the good fortune to escape without serious injury); *Watts v. McKinney*, 394 F.3d 710, 712-13 (9th Cir. 2005) (kicking genitals of prisoner who was on ground and in handcuffs "near the top of the list" of acts taken with cruel and sadistic purpose to harm another).  As was the case in *Wiilkins*, however, "the relatively modest nature of [plaintiff's] alleged injuries will no doubt limit the damages he may recover." *Wilkins*, 130 S.Ct. at 1180.

**GRANTED.**  The opposition is deemed timely.  His motion to compel (document 59) is **DENIED** without prejudice to renewing it if the case does not settle.

3.  The court has established a Pro Se Prisoner Mediation Program in which certain prisoner civil rights cases are referred to a neutral magistrate judge for mediation.  This case is referred to Magistrate Judge Nandor Vadas for mediation.  Magistrate Judge Vadas shall conduct mediation proceedings as he deems appropriate and file a report thereafter.

4.  In view of the referral, further proceedings in this case are **STAYED** until such time as Judge Vadas reports that the case has been settled or cannot be settled.  If the case is not settled, the court will enter a new scheduling order.  The clerk shall mail a copy of the file, including this order, to Magistrate Judge Vadas.

**IT IS SO ORDERED.**

Dated:  September 20, 2010.

PHYLLIS J. HAMILTON
United States District Judge

P:\PRO-SE\PJH\CR.07\SOLTERO4256.MSJ.wpd